IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL DERMO, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| JERRY ISAACSON, | : | NO.  11-06520 |
| SPRING CREEK HOLDINGS, LLC, | : | |
| DEDICATED FOODS, LLC, and | : | |
| TARGET FOODS, LLC | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM**

BUCKWALTER, S. J.                                                                              September 19 , 2012

Currently pending before the Court is the Motion for Reconsideration[1] of Plaintiff Michael Dermo ("Plaintiff" or "Dermo").  For the following reasons, the Motion is denied.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

The factual background of this case is one familiar to all relevant parties and the Court, and is detailed in the Court's prior Memorandum Opinion published on August 21, 2012 ("the Memorandum Opinion")[2] denying Plaintiff's request for partial summary judgment as to Defendant Spring Creek Holdings LLC ("Spring Creek" or "Defendant").  The Court will therefore only discuss

---

[1] Plaintiff's Motion is entitled "Motion for Reconsideration of the Court's Order Entered on August 21, 2012, Denying Plaintiff's Motion for Partial Summary Judgment."  For clarity and ease of reference, the Court will refer to Plaintiff's Motion hereinafter as the "Motion for Reconsideration."

[2] See Dermo v. Isaacson, et. al, No. Civ.A.11-06520, 2012 WL 3590694 (E.D. Pa. Aug. 21, 2012).

the facts and procedural history relevant to the instant Motion.

On July 10, 2012, Plaintiff filed a Motion for Partial Summary Judgment Against Defendant, Spring Creek Holdings, LLC (Docket No. 24).[3] In this Motion, Plaintiff moved for summary judgment against Spring Creek on the grounds that it breached its Employment Agreement with him. More specifically, Dermo was guaranteed two years of initial employment under the Agreement, but was terminated after only eight months with Spring Creek. Dermo claims that he was terminated without cause, and that he was never provided with appropriate written notice as was required by the contract. He therefore seeks his outstanding accrued salary, severance pay, bonus, and reimbursement for the expenses he incurred while at the company. On July 30, 2012, Defendant filed a Response in Opposition (Docket No. 32), in which it alleged that it did, in fact, have cause to terminate Dermo because he failed to meet his expected job potential. Defendant further asserted that Dermo received appropriate written affirmation of his termination in the form of e-mails written by Isaacson.

On August 21, 2012, the Court entered a Memorandum Opinion (Docket No. 46) denying Plaintiff's request for summary judgment. Specifically, the Court found that genuine issues of material fact remain in the record as to whether or not Dermo was terminated with or without cause. The Court also held that it could not ascertain from the factual record before it whether the form of written notice given to Dermo regarding his termination was sufficient under the Employment Agreement, and that this issue was best left to the discretion of a reasonable jury at trial.

Less than one day after entry of the Memorandum Opinion, Plaintiff immediately filed the

---

[3] All docket citations in this Memorandum Opinion relate to Civil Action Number 11-06520.

present Motion for Reconsideration (Docket No. 47).  The basis of Plaintiff's Motion is that the Court "erred as a matter of law by overlooking the written notice requirement in subparagraph 7(f)(i) of the Employment Agreement."  (Pl.'s Mot. Reconsideration 1 (original emphasis & alteration of text omitted).)  Defendant filed its Response in Opposition on September 5, 2012.  This matter is now ripe for judicial review.

**II.    STANDARD OF REVIEW**

A motion for reconsideration filed pursuant to Rule 59(e) of the Federal Rules of Civil Procedure is "'a device to relitigate the original issue decided by the district court, and [it is] used to allege legal error.'"  Simms v. Phelps, No. Civ.A.09-87, 2012 WL 831841, at *1 (D. Del. Mar. 9, 2012) (quoting United States v. Fiorelli, 337 F.3d 282, 288 (3d Cir. 2003)).  Such motions may be granted if the moving party shows:

> (1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court initially issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.

Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).  Motions for reconsideration are granted sparingly.  Cont'l Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).  The grant of such a motion is improper where it simply asks the court to "rethink what [it] had already thought through—rightly or wrongly."  Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993) (internal quotations omitted).  Moreover, motions for reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided."  Brambles USA, Inc. v. Blocker, 735 F. Supp. 1239, 1240 (D. Del. 1990).  "Nor may a motion for reconsideration be used to revisit or raise

new issues with the benefit of 'the hindsight provided by the court's analysis'" or to advance arguments that would not change the result of the court's initial ruling. Marshak v. Treadwell, No. Civ.A.95-3794, 2008 WL 413312, at *7 (D.N.J. Feb. 13, 2008), aff'd in part & remanded by 595 F.3d 478 (3d Cir. 2009) (quoting United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994)), .

### III.  DISCUSSION

In his Motion for Reconsideration, Plaintiff asserts that the Court overlooked the written notice requirement found in ¶ 7(f)(i) of the Employment Agreement, and that this apparent omission represents a clear error of law by the Court that must be corrected. On its part, Defendant asserts that because Plaintiff received actual *verbal* notice of his failure to perform, and because Plaintiff failed to prove damages resulting from not receiving the requisite *written* notice of his failure, he has not established a cause of action for breach of contract. Both parties' arguments, however, appear to misunderstand this Court's interpretation of the Employment Agreement as set forth in the August 21, 2012 Memorandum Opinion.

Section 7 of the Employment Agreement, entitled "Termination of Employment; Effect of Termination," contains two provisions regarding written notice. The first provision, ¶ 7(a), states the following: "[Dermo's] employment hereunder may be terminated at any time *upon written notice* by the Company or Executive, *with or without cause*." (Emp't Agreement ¶ 7(a) (emphasis added).) "Cause" is defined in the Employment Agreement, in relevant part, as a "failure by [Dermo] to perform in any manner under this Agreement after being given notice of such failure by the Company, along with an explanation of such failure of performance[.]" (Id. ¶ 7(f)(i).) The second provision of the Employment Agreement regarding written notice, ¶ 7(f)(i), provides that, in the event that Spring Creek sought to terminate Dermo for cause, he would "be given written notice of

the violation and a reasonable opportunity to cure the same to the Company's satisfaction" prior to his actual termination. (Id. ¶ 7(f)(i).)

The two provisions are separate and distinct from one another. Paragraph 7(a) relates to appropriate written notice of Dermo's *termination*. This provision applies irrespective of whether Dermo's termination was with or without cause. Put differently, the contract required Dermo to receive written notice of his termination regardless of whether or not Spring Creek had cause to fire him. Paragraph 7(f)(i), on the other hand, applies to appropriate written notice of any *contractual violations on Dermo's part* that would give Spring Creek cause to terminate him. As such, providing written notice under ¶ 7(f)(i) would only apply in the event that Dermo was terminated with cause. To be clear, according to the terms of the Employment Agreement, the following procedure would be utilized in the event that Dermo was terminated <u>without</u> cause:

1. Dermo is terminated.
2. Spring Creek must provide Dermo with written notice of his termination.

In contrast, the procedure used for a termination <u>with</u> cause is handled differently under the contract:

1. Spring Creek must provide Dermo with written notice of the reason(s) he failed to perform under the Agreement.
2. Dermo is given a reasonable opportunity to cure this violation.
3. If Dermo fails to cure, Spring Creek can nonetheless terminate him.
4. Spring Creek must provide Dermo with written notice of his termination.

Accordingly, a determination of whether or not Spring Creek had cause to terminate Dermo must precede any inquiry into whether he received appropriate written notice of any contractual violations on his part.

In its August 21st Memorandum Opinion, the Court first considered whether the record

indicated that Spring Creek had cause to terminate Dermo. Plaintiff argued that he was terminated without cause, whereas Defendant asserted that it had cause to terminate him because he failed to meet his expected job potential and had other performance problems. Based on the factual record before it, the Court was unable to conclude whether Spring Creek's termination of Dermo was with or without cause, and thus declined to enter summary judgment in Plaintiff's favor on this point. Given that the record was unclear as to this preliminary step, the Court therefore did not discuss in detail whether Dermo received appropriate written notice *of any contractual violations* on his part—a requirement that would only apply if the Court determined that Dermo was terminated with cause. The Court did, however, find that, even if it could determine whether Defendant had cause to terminate Dermo, summary judgment was nonetheless not appropriate because genuine issues of material fact remained regarding whether he received proper written notice *of his termination*.

At present, Plaintiff contends that the Court erred as a matter of law because it did not address whether he received adequate written notice of his apparent violation of his contract prior to his termination. Based on this alleged "clear error of law," (Pl.'s Mot. Reconsideration 2), Plaintiff avers that the Court should reconsider its prior denial of summary judgment, and should now grant summary judgment in Dermo's favor on the breach of contract claim against Spring Creek.

Reconsideration is not required under these circumstances, however, because the Court did not err as a matter of law. The Court did not need to discuss whether Dermo was provided appropriate written notice of his alleged contractual violations in its initial Memorandum Opinion because it never determined that Spring Creek had cause to terminate him in the first place. Because the Court did not ascertain whether Dermo was terminated with cause, it had no reason to delve into

6

an unnecessary analysis of whether Spring Creek's written notice of Plaintiff's alleged contractual violations—or lack thereof—was sufficient under the Employment Agreement. As such, the Court declines to reconsider its initial ruling.

Finally, the Court pauses to note the nature of its prior holding. In its initial Memorandum Opinion, the Court *denied* summary judgment. Had it *granted* summary judgment in either party's favor, then this would have had the conclusive effect of Plaintiff's case on this point proceeding no further. A denial of summary judgment, however, does not have such a finalizing effect. Rather, Plaintiff will still have more than an ample opportunity to convince a panel of his peers at trial that he should prevail on his breach of contract claim against Spring Creek. In other words, as a result of the Court's denial of summary judgment, Plaintiff's breach of contract claim will be "reconsidered" by a jury. As such, the nature of the initial ruling further weighs in favor of denying reconsideration under these circumstances.

Based on the above, the Court declines to reconsider the holding of its prior August 21, 2012 Memorandum Opinion. Accordingly, Plaintiff's Motion on these grounds is denied.